UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
:
UNITED STATES OF AMERICA          :          **INFORMATION**
:
  - v. -                          :          **20 Cr.   (   )**
:
CONSTANTIN OVIDIU TITA,            :          20 CRIM 428
:
                    Defendant.    :
:
- - - - - - - - - - - - - - - - - -X

## COUNT ONE
### (Conspiracy to Commit Access Device Fraud)

The United States Attorney charges:

1.   From at least in or about 2014 up to and including at least in or about September 2019, in the Southern District of New York and elsewhere, CONSTANTIN OVIDIU TITA, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit access device fraud, in violation of Title 18, United States Code, Sections 1029(a)(1), (a)(2), (a)(3), (a)(4), and (a)(5).

2.   It was a part and an object of the conspiracy that CONSTANTIN OVIDIU TITA, the defendant, and others known and unknown, knowingly and with intent to defraud, as a part of an offense affecting interstate and foreign commerce, would and did produce, use, and traffic in one and more counterfeit access

devices, in violation of Title 18, United States Code, Section 1029(a)(1).

3.   It was further a part and an object of the conspiracy that CONSTANTIN OVIDIU TITA, the defendant, and others known and unknown, knowingly and with intent to defraud, as a part of an offense affecting interstate and foreign commerce, would and did traffic in and use one and more access devices during a one-year period, and by such conduct obtained things of value aggregating $1,000 and more during that period, in violation of Title 18, United States Code, Section 1029(a)(2).

4.   It was further a part and an object of the conspiracy that CONSTANTIN OVIDIU TITA, the defendant, and others known and unknown, knowingly and with intent to defraud, as a part of an offense affecting interstate and foreign commerce, would and did possess fifteen and more devices which were counterfeit and unauthorized access devices, in violation of Title 18, United States Code, Section 1029(a)(3).

5.   It was further a part and an object of the conspiracy that CONSTANTIN OVIDIU TITA, the defendant, and others known and unknown, knowingly and with intent to defraud, as a part of an offense affecting interstate and foreign commerce, would and did produce, traffic in, have custody and control of, and possess device-making equipment, in violation of Title 18, United States Code, Section 1029(a)(4).

6.   It was further a part and an object of the conspiracy that CONSTANTIN OVIDIU TITA, the defendant, and others known and unknown, knowingly and with intent to defraud, as a part of an offense affecting interstate and foreign commerce, would and did effect transactions with one and more access devices issued to other persons, to receive payment and other things of value during a one-year period the aggregate value of which was equal to and greater than $1,000, in violation of Title 18, United States Code, Section 1029(a)(5).

<u>OVERT ACT</u>

7.   In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt act, among others, were committed in the Southern District of New York and elsewhere:

a.   In or about 2015, CONSTANTIN OVIDIU TITA, the defendant, installed a skimming device on an ATM in a hotel in or around Midtown Manhattan, New York.

(Title 18, United States Code, Section 1029(b)(2).)

**COUNT TWO**
**(Conspiracy to Commit Wire Fraud and Bank Fraud)**

The United States Attorney further charges:

8.   The allegations contained in paragraph 7 above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

3

9.    From at least in or about 2014 up to and including at least in or about September 2019, in the Southern District of New York and elsewhere, CONSTANTIN OVIDIU TITA, the defendant, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343, and bank fraud, in violation of Title 18, United States Code, Section 1344.

10.   It was a part and object of the conspiracy that CONSTANTIN OVIDIU TITA, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

11.   It was further a part and object of the conspiracy that CONSTANTIN OVIDIU TITA, the defendant, and others known and unknown, willfully and knowingly, would and did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the

4

Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

(Title 18, United States Code, Section 1349.)

## COUNT THREE
### (Aggravated Identity Theft)

The United States Attorney further charges:

12.   The allegations contained in paragraph 7 above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

13.   From at least in or about 2014 up to and including at least in or about September 2019, in the Southern District of New York and elsewhere, CONSTANTIN OVIDIU TITA, the defendant, and others known and unknown, knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), and aided and abetted the same, to wit, the defendant, among other things, engaged in ATM skimming to unlawfully obtain debit card information for victim accountholders (including, but not limited to, the victim accountholders' names, debit card

5

numbers, and personal identification numbers), created

fraudulent debit cards using the stolen victim information, and

then used the fraudulent debit cards bearing the victim

accountholders' debit card numbers to make millions of dollars

in unauthorized withdrawals from the victims accountholders'

bank accounts, all during and in relation to the conspiracy to

commit access device fraud charged in Count One of this

Information and the conspiracy to commit wire fraud and bank

fraud charged in Count Two of this Information.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b),
and 2.)

## COUNT FOUR
### (Conspiracy to Commit Money Laundering)

The United States Attorney further charges:

14.   From at least in or about 2014 up to and including at

least in or about September 2019, in the Southern District of

New York and elsewhere, CONSTANTIN OVIDIU TITA, the defendant,

and others known and unknown, willfully and knowingly did

combine, conspire, confederate, and agree together and with each

other to violate Title 18, United States Code, Sections

1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1957(a).

15.   It was a part and an object of the conspiracy that

CONSTANTIN OVIDIU TITA, the defendant, and others known and

unknown, in an offense involving and affecting interstate and

foreign commerce, knowing that the property involved in certain

6

financial transactions, to wit, cash transactions and wire
transfers, represented the proceeds of some form of unlawful
activity, would and did conduct and attempt to conduct such
financial transactions, which in fact involved the proceeds of
specified unlawful activity, to wit, the conspiracy to commit
access device fraud alleged in Count One of this Information,
and the conspiracy to commit wire fraud and bank fraud alleged
in Count Two of this Information, with the intent to promote the
carrying on of the specified unlawful activity, in violation of
Title 18, United States Code, Section 1956(a)(1)(A)(i).

16.   It was further a part and an object of the conspiracy
that CONSTANTIN OVIDIU TITA, the defendant, and others known and
unknown, in an offense involving interstate and foreign
commerce, knowing that the property involved in certain
financial transactions, to wit, cash transactions and wire
transfers, represented the proceeds of some form of unlawful
activity, would and did conduct and attempt to conduct such
financial transactions, which in fact involved the proceeds of
specified unlawful activity, to wit, the conspiracy to commit
access device fraud alleged in Count One of this Information,
and the conspiracy to commit wire fraud and bank fraud alleged
in Count Two of this Information, knowing that the transactions
were designed in whole and in part to conceal and disguise the
nature, the location, the source, the ownership, and the control

of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

17.  It was a further part and an object of the conspiracy that CONSTANTIN OVIDIU TITA, the defendant, and others known and unknown, within the United States, knowingly would and did engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 and that was derived from specified unlawful activity, to wit, the conspiracy to commit access device fraud alleged in Count One of this Information, and the conspiracy to commit wire fraud and bank fraud alleged in Count Two of this Information, in violation of Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Section 1956(h).)

### COUNT FIVE
#### (Paying a Bribe to a Public Official)

The United States Attorney further charges:

18.  In or about 2014, in the Southern District of New York and elsewhere, CONSTANTIN OVIDIU TITA, the defendant, did, directly and indirectly, corruptly give, offer, and promise a thing of value to a public official, with intent to influence an official act, to wit TITA connected family members and friends desiring visas to an individual who Tita believed (i) could help secure visas illegally and (ii) may have been employed by the U.S. embassy in Romania.

8

(Title 18, United States Code, Sections 201(b)(1)(A) and 2.)

**FORFEITURE ALLEGATIONS**

19.   As a result of committing the offense alleged in
Count One of this Information, CONSTANTIN OVIDIU TITA, the
defendant, shall forfeit to the United States, pursuant to Title
18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C),
any and all property constituting or derived from, proceeds
obtained directly or indirectly, as a result of the commission
of said offense, and any and all personal property used or
intended to be used to commit said offense, including but not
limited to a sum of money in United States currency representing
the amount of proceeds traceable to the commission of said
offense that the defendant personally obtained and the following
specific property:

   a.   200 Asbury Avenue, Westbury, New York;

   b.   452 Lafayette Street, Unit C1, Brooklyn, New
York; and

   c.   569 Putnam Avenue, Brooklyn, New York.

20.   As a result of committing the wire fraud object of
Count Two of this Information, CONSTANTIN OVIDIU TITA, the
defendant, shall forfeit to the United States, pursuant to Title
18, United States Code, Section 981(a)(1)(C) and Title 28 United
States Code, Section 2461(c), any and all property, real and
personal, that constitutes or is derived from proceeds traceable

to the commission of said offense, including but not limited to
a sum of money in United States currency representing the amount
of proceeds traceable to the commission of said offense and the
following specific property:

     a.    200 Asbury Avenue, Westbury, New York;

     b.    452 Lafayette Street, Unit C1, Brooklyn, New
York; and

     c.    569 Putnam Avenue, Brooklyn, New York.

21. As a result of committing the bank fraud object of
Count Two of this Information, CONSTANTIN OVIDIU TITA, the
defendant, shall forfeit to the United States, pursuant to
Title 18, United States Code, Section 981(a)(2)(A), any and all
property, constituting, or derived from, proceeds obtained
directly or indirectly as a result of the commission of said
offense, including but not limited to a sum of money in United
States currency representing the amount of proceeds traceable to
the commission of said offense that the defendant personally
obtained and the following specific property:

     a.    200 Asbury Avenue, Westbury, New York;

     b.    452 Lafayette Street, Unit C1, Brooklyn, New
York; and

     c.    569 Putnam Avenue, Brooklyn, New York.

22. As a result of committing the offense alleged in
Count Four of this Information, CONSTANTIN OVIDIU TITA, the

defendant, shall forfeit to the United States, pursuant to Title

18, United States Code, Section 982(a)(1), any and all property,

real and personal, involved in said offense, or any property

traceable to such property, including but not limited to a sum

of money in United States currency representing the amount of

proceeds traceable to the commission of said offense that the

defendant personally obtained and the following specific

property:

        a.   200 Asbury Avenue, Westbury, New York;

        b.   452 Lafayette Street, Unit C1, Brooklyn, New

York; and

        c.   569 Putnam Avenue, Brooklyn, New York.

### Substitute Assets Provision

    23.  If any of the above-described forfeitable property, as

a result of any act or omission of the defendant:

        a.   cannot be located upon the exercise of due

diligence;

        b.   has been transferred or sold to, or deposited

with, a third person;

        c.   has been placed beyond the jurisdiction of the

Court;

        d.   has been substantially diminished in value; or

        e.   has been commingled with other property which

cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section  853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

   (Title 18, United States Code, Sections 981, 982, and 1029;
        Title 21, United States Code, Section 853; and
         Title 28, United States Code, Section 2461.)

/s/ Audrey Strauss / b.b.
AUDREY STRAUSS
Acting United States Attorney

12

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

v.

### CONSTANTIN OVIDIU TITA,

Defendant.

### INFORMATION

20 Cr.     (    )

(18 U.S.C. §§ 201(b)(1), 1028A(a)(1),
1028A(b), 1029(b)(2), 1349, 1956(h),
and 2.)

AUDREY STRAUSS
Acting United States Attorney