UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                   :
UNITED STATES OF AMERICA
                                                                   :    CONSENT PRELIMINARY ORDER
            - v. -                                                      OF FORFEITURE/
                                                                   :    MONEY JUDGMENT
CONSTANTIN OVIDIU TITA,
                                                                   :    20 Cr. 428 (SHS)
            Defendant.
                                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about August 20, 2020, CONSTANTIN OVIDIU TITA (the

"Defendant"), was charged in a five-count Information, 20 Cr. 428 (SHS) (the "Information"),

with conspiracy to commit access device fraud, in violation of Title 18, United States Code,

Section 1029(b)(2) (Count One); conspiracy to commit wire fraud and bank fraud, in violation of

Title 18, United States Code, Section 1349 (Count Two); aggravated identity theft, in violation of

Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2 (Count Three); conspiracy

to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count

Four); and paying a bribe to a public official, in violation of Title 18, United States Code, Sections

201(b)(1)(A) and 2 (Count Five);

WHEREAS, the Information included a forfeiture allegation as to Count One of the

Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code,

Sections 982(a)(2)(B) and 1029(c)(1)(C), of any and all property constituting or derived from

proceeds obtained directly or indirectly as a result of the commission of the offense charged in

Count One of the Information, and any and all personal property used or intended to be used to

commit the offense charged in Count One of the Information, including but not limited to a sum

of money in United States currency representing the amount of proceeds traceable to the

commission of the offense charged in Count One of the Information that the Defendant personally obtained and in, *inter alia*, the following specific property:

> i. 200 Asbury Avenue, Westbury, New York (the "Westbury Property"); and
>
> ii. 452 Lafayette Street, Unit C1, Brooklyn, New York (the "Brooklyn Property");

(i. and ii., collectively, the "Subject Properties");

WHEREAS, the Information included a second forfeiture allegation as to Count Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28 United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Information and, among other things, the Subject Properties;

WHEREAS, the Information included a third forfeiture allegation as to Count Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(2)(A), of any and all property constituting or derived from proceeds obtained directly or indirectly as a result of the commission of the offense charged in Count Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Information that the defendant personally obtained, and, among other things, the Subject Properties;

2

WHEREAS, the Information included a fourth forfeiture allegation as to Count Four of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count Four of the Information, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Four of the Information that the defendant personally obtained and, among other things, the Subject Properties;

WHEREAS, the Westbury Property is titled in the name of Crossroad Moment, LLC ("Crossroad");

WHEREAS, the sole members of Crossroad are the Defendant and the defendant's wife, Kelly Lam ("Lam");

WHEREAS, the Brooklyn Property is titled in the name of Jujulica, LLC ("Jujulica");

WHEREAS, the sole members of Jujulica are the Defendant and Lam;

WHEREAS, on or about August 20, 2020, the Defendant pled guilty to Counts One through Five of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One, Two, and Four of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(1), 981(a)(2)(A), 982(a)(2)(B), and 1029(c)(1)(C), (i) the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information that the Defendant personally obtained; and/or (ii) all property involved in the offense charged in Count Four of the Information;

3

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $853,000 in United States currency, representing (i) the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information that the Defendant personally obtained and (ii) all property involved in the offense charged in Count Four of the Information;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information that the Defendant personally obtained and property involved in the offense charged in Count Four of the Information cannot be located upon the exercise of due diligence, with the exception of the Subject Properties; and

WHEREAS, in lieu of seeking forfeiture of the Subject Properties, the Government has agreed to accept the sum of $300,000 in United States currency from the Defendant representing the amount of proceeds traceable to the Subject Properties as a result of the commission of the offenses charged in Counts One and Two of the Information;

WHEREAS, to make such a payment the Defendant and Lam have agreed to enter into contracts to sell the Subject Properties, collectively or individually, within 120 days of the entry of this Consent Preliminary Order of Forfeiture/Money Judgment; and

WHEREAS, the Defendant and Lam have agreed to close on the Subject Properties, collectively or individually, within 120 days of the date of the sales contracts on the Subject Properties;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States

4

Attorney, Samuel P. Rothschild of counsel, and the Defendant, and his counsel, Alexei Schacht, Esq., that:

1.      As a result of the offenses charged in Counts One, Two, and Four of the Information, to which the Defendant pled guilty, a money judgment in the amount of $853,000 in United States currency (the "Money Judgment"), representing (i) the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained and (ii) property involved in Count Four of the Information, shall be entered against the Defendant.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, CONSTANTIN OVIDIU TITA, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      The Defendant is authorized to sell the Subject Properties, notwithstanding the Government's potential interest in the Subject Properties, in a commercially feasible manner.

4.      From the net proceeds of the sale of the Subject Properties (defined below), the Defendant shall make a payment to the Government in the amount of $300,000 in United States currency (the "Payment").

5.      The net proceeds of the sale of the Subject Properties will include all moneys realized from the sale of the Subject Properties, except for the following:

> a. Any outstanding mortgages;
> b. Real estate commissions, fees;
> c. Any other real estate, property, transfer, association or other tax, which is due and owing at the time of the sale;
> d. Insurance costs;
> e. Escrow fees;
> f. Title fees; and

g.  County transfer fees

(hereinafter, the "Net Proceeds").

6.  The Defendant and Lam shall enter into contracts of sale for the Subject Properties, collectively or individually, within 120 days of the entry of this Consent Preliminary Order of Forfeiture/Money Judgment (the "Contract Deadline").

7.  The sale of the Subject Properties, collectively or individually, shall close within 120 days of the date of the sales contracts on the Subject Properties (the "Closing Deadline").

8.  The Government shall extend the Contract Deadline and/or Closing Deadline (collectively, the "Deadlines"), provided the Defendant advises the Government with written notice demonstrating good cause for such an extension of the Deadlines.

9.  At the closing for the sale of the first of the Subject Properties, the Defendant shall make a payment to the Government from the Net Proceeds in an amount not to exceed $300,000 in United States currency.

10.  In the event the Net Proceeds of the sale of the first of the Subject Properties is insufficient to satisfy the Payment amount, at the closing for the sale of the second of the Subject Properties, from the Net Proceeds the Defendant shall make a payment of the remaining balance of the Payment to the Government.

11.  In furtherance of the sale the Government agrees to cancel any lis pendens filed against the Subject Properties.

12.  In furtherance of the sale the parties agree to execute promptly any documents which may be required to complete the sale of the Subject Properties.

6

13.    In the event the Defendant and Lam fail to meet the Deadlines and any extensions, the Government is authorized to seek the forfeiture of all right, title, and interest of the Defendant in the Subject Properties by submitting an order of forfeiture to this Court.

14.    All payments on the outstanding money judgment, including the Payment, shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

15.    The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

16.    Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

17.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

18.    The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

19.     The signature page of this Consent Preliminary Order of Forfeiture/Money

Judgment may be executed in one or more counterparts, each of which will be deemed an original

but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:    _Samuel P. Rothschild_          12/27/2023
       Samuel P. Rothschild          DATE
       Assistant United States Attorney
       One St. Andrew's Plaza
       New York, NY 10007
       (212) 637-2504

CONSTANTIN OVIDIU TITA

By:    _____      1/4/24
       CONSTANTIN OVIDIU TITA         DATE

By:    _____      1/4/24
       Alexei Schacht, Esq.           DATE
       Attorney for Defendant
       123 West 94th Street
       New York, NY 10025

[SIGNATURES CONTINUE ON FOLLOWING PAGE]

8

KELLY LAM

By: _____          1/3/2024
      Kelly Lam                                    DATE


By: _____          1/3/2024
      James A. Schiff, Esq.                        DATE
      Attorney for Kelly Lam
      521 5th Ave., 17th Fl.
      New York, NY 10175
      (212) 362-5600


SO ORDERED:

_____               1/4/2024
HONORABLE SIDNEY H. STEIN                      DATE
UNITED STATES DISTRICT JUDGE

9